NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0199n.06

No. 16-5365

**FILED**
Apr 04, 2017
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| AMUR SP. Z.O.O.; KRZYSTOF KĘDZIERSKI, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| FEDEX CORPORATION, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:   SILER, BATCHELDER, and GRIFFIN, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**   Amur Sp. Z.O.O. (Amur), a Polish corporation, and Krzystof Kędzierski, a resident of Poland, brought this action against FedEx Corporation, a Delaware corporation with its principal place of business in Memphis, Tennessee. In 1999, Kędzierski designed computer software for another Polish corporation, Opek Sp. Z.O.O. (Opek), and he provided ongoing IT services to Opek through Amur. A 2010 license agreement for a subsequent version of the software provided, among other things, that Amur held the copyright to the software and that Opek could not license or sublicense it without Amur's consent. In 2011, FedEx sought to expand its courier business to Poland and expressed interest in acquiring Opek. Although the initial negotiations over the acquisition included Opek's owner and Kędzierski, Amur and Kędzierski allege that they were not part of the final negotiations leading to the eventual acquisition. FedEx purchased Opek, but did not make a separate

agreement with Amur or purchase Amur's software. After the acquisition, FedEx told Kędzierski that it would not pay Amur to license the software. Amur and Opek have settled their disputes arising from this acquisition. Amur and Kędzierski now sue FedEx for tortious interference with contract, tortious interference with a business relationship, unjust enrichment, aiding and abetting a breach of fiduciary duty, and civil conspiracy, all under Tennessee law.

FedEx filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 6, 2015, a motion to stay discovery on April 6, 2015, a motion to dismiss for *forum non conveniens* on September 4, 2015, and a second motion to stay discovery on September 10, 2015. The district court denied the first motion to stay discovery on April 7, 2015. On March 7, 2016, the district court granted the *forum non conveniens* motion, and denied the Rule 12(b)(6) motion and the second motion to stay discovery as moot. The district court concluded that the *forum non conveniens* motion was timely, that Poland was an adequate alternative forum, and, upon its weighing the various public and private factors that the Supreme Court has laid out in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), that the case should be dismissed. Reasons supporting dismissal included the difficulty of compelling witnesses from Poland to testify in the Western District of Tennessee, the fact that much of the evidence is located in Europe and Poland, the applicability of Polish law, and an insufficient local interest in the case in the Western District of Tennessee.

Amur and Kędzierski have appealed, arguing that the district court abused its discretion in granting the motion to dismiss for *forum non conveniens*. In particular, they claim that discovery in this matter had proceeded so far as to render FedEx's *forum non conveniens* claim untimely. We disagree. After carefully reviewing the record, the applicable law, and the parties' briefs, we conclude that the district court did not abuse its discretion in dismissing the complaint.

The district court's opinion carefully and correctly sets out the law governing the issues raised and clearly articulates the reasons underlying its decision. Thus, the issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.